James R. Touchstone, Esq., SBN 184584
jrt@jones-mayer.com
Denise L. Rocawich, Esq., SBN 232792
dlr@jones-mayer.com
JONES & MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone:  (714) 446-1400
Facsimile:   (714) 446-1448

Attorneys for Defendant
COUNTY OF SAN BERNARDINO and CITY OF VICTORVILLE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL R. NAVARETTE , JR;<br>SAMUEL R. NAVARETTE, SR.;<br>ANDREW NAVARETTE, a minor,<br>by and through his Guardian Ad<br>Litem, ROSE VIALPANDO;<br>DANIEL NAVARETTE; JEANETTE<br>ALAMEDA; JASMINE LYNES;<br><br>            Plaintiffs,<br><br>     vs.<br><br>COUNTY OF SAN BERNARDINO<br>(SAN BERNARDINO COUNTY<br>SHERIFF'S DEPARTMENT); CITY<br>OF VICTORVILLE (VICTORVILLE<br>POLICE DEPARTMENT); DOES 1<br>to 10, inclusive,<br><br>            Defendants. | Case No:<br><br>**NOTICE OF REMOVAL**<br><br>[Filed concurrently herewith:<br>(1)     Certification of Interested Parties.] |

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT:**

PLEASE TAKE NOTICE that Defendants, County of San Bernardino and City of Victorville, hereby remove to this Honorable Court the state-court action described below.

1.      On September 7, 2021, this action was commenced in the Superior Court of the State of California in and for the County of San Bernardino entitled SAMUEL R. NAVARETTE, JR. et al., Plaintiffs, vs. COUNTY OF SAN BERNARDINO et al., Defendants. The suit was assigned case number CIVDS2002009 by the San Bernardino Superior Court.  A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2.      The first date upon which Defendants received a copy of said Complaint was November 3, 2021, when a copy of the Complaint was served on the City Clerk's Office along with a Summons from the state court.  A true and correct copy of the state court Summons is attached hereto as Exhibit "B."

3.      Along with the Summons and Complaint, these removing Defendants also received the following documents from Plaintiff: Certification of Assignment, Civil Case Cover Sheet, Guidelines for the Complex Litigation Program, and Application and Order for Appointment of Guardian Ad Litem – Civil. true and correct copies of which are attached hereto collectively as Exhibit "C."  The Summons, Complaint, and the above-listed documents are the only papers that have been served on Defendants in the state court action.  To the best of the undersigned's knowledge, these are the only papers filed with the state court.

4.      This action is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1331 and removal jurisdiction under 28 U.S.C. § 1441(b) in that it arises under 42 U.S.C. § 1983.  See Compl. at 3:23-28; 4-9; and 10:1-22.

//

5.    The Defendants who herein jointly remove this case are the only named Defendants in this action.

6.    Concurrent with the filing of this Notice of Removal, a Notice to State Court and Adverse Party of Removal to Federal Court is being filed with the state court and served on Plaintiff's counsel.  A true and correct copy of that Notice with proof of service thereof is attached hereto as Exhibit "D."

Dated: December 2, 2021                    Respectfully submitted,

                                           JONES & MAYER


                                           By:/s/ Denise L. Rocawich
                                           JAMES R. TOUCHSTONE
                                           DENISE L. ROCAWICH
                                           Attorneys for County of San
                                           Bernardino and City of Victorville

# EXHIBIT A

**COPY**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 07 2021

BY _____
LILIANA MARISCAL, DEPUTY

Joseph M. Barrett, State Bar No. 143974 jmb@agzlaw.com
George Terterian, State Bar No. 158953 gt@agzlaw.com
Damion D. Robinson, State Bar No. 262573 dr@agzlaw.com
**AFFELD GRIVAKES LLP**
2049 Century Park East, Suite 2460, Los Angeles, California 90067
Telephone: (310) 979-8700 - Facsimile: (310) 979-8701

Jimmy Nguyen, State Bar No. 315619 jimmynguyen@socal-attorneys.com
Dublas Paniagua, State Bar No. 311082 dublas@socal-attorneys.com
**LAW OFFICES OF JIMMY NGUYEN**
832 Katella Ave., Los Alamitos, Ca. 90720
Telephone: (858) 722-0583

Attorneys for Plaintiffs

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

SAMUEL R. NAVARETTE, JR.; SAMUEL R. )
NAVARETTE, SR.; ANDREW NAVARETTE, )
a Minor, by and through his Guardian ad Litem, )
ROSE VIALPANDO; JESSICA NAVARETTE, )
a Minor, by and through her Guardian ad Litem, )
ROSE VIALPANDO; DANIEL NAVARETTE; )
JEANETTE ALAMEDA; JASMINE LYNES; )
)
  Plaintiffs, )
)
  vs. )
)
COUNTY OF SAN BERNARDINO (SAN )
BERNARDINO COUNTY SHERIFF'S )
DEPARTMENT); CITY OF VICTORVILLE )
(VICTORVILLE POLICE DEPARTMENT); )
and DOES 1-10, Inclusive. )
)
  Defendants. )
)
)
)
)
)
)
)
)

Case No.: CIVDS2002009

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1. **Fourth Amendment – Detention and Arrest (42 U.S.C. § 1983)**
2. **Fourth Amendment – Excessive Force (42 U.S.C. § 1983)**
3. **Substantive Due Process (42 U.S.C. § 1983)**
4. **Municipal Liability – Ratification (42 U.S.C. § 1983)**
5. **Municipal Liability – Inadequate Training (42 U.S.C. § 1983)**
6. **Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**
7. **False Arrest/False Imprisonment**
8. **Battery (*California Government Code* §§815.2(a), 820(a); *California Civil Code* §43)**
9. **Negligence (*California Government Code* §§815.2(a), 820(a))**
10. **Violation of *California Civil Code* § 52.1**

**DEMAND FOR TRIAL BY JURY**

-1-

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiffs SAMUEL R. NAVARETTE, JR.; SAMUEL R. NAVARETTE, SR.; ANDREW NAVARETTE, a Minor, by and through her Guardian ad Litem, ROSE VIALPANDO; JESSICA NAVARETTE, a Minor, by and through her Guardian ad Litem, ROSE VIALPANDO; DANIEL NAVARETTE; JEANETTE ALAMEDA; JASMINE LYNES, individually, and for causes of action against Defendants COUNTY OF SAN BERNARDINO (SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT); CITY OF VICTORVILLE (VICTORVILLE POLICE DEPARTMENT), and DOES 1-10, inclusive, and complains and alleges as follows:

**JURISDICTION AND VENUE**

1.   Plaintiff SAMUEL R. NAVARETTE, JR. is, and at all relevant times mentioned herein was, a resident of the County of San Bernardino and State of California.

2.   Plaintiff SAMUEL R. NAVARETTE, SR. is, and at all relevant times mentioned herein was, a resident of the County of San Bernardino and State of California.

3.   Plaintiff ANDREW NAVARETTE, by and through his Guardian ad Litem ROSE VIALPANDO is, and at all relevant times mentioned herein was, a resident of the County of San Bernardino and State of California.

4.   Plaintiff JESSICA NAVARETTE, by and through her Guardian ad Litem ROSE VIALPANDO is, and at all relevant times mentioned herein was, a resident of the County of San Bernardino and State of California.

5.   Plaintiff DANIEL NAVARETTE is, and at all relevant times mentioned herein was, a resident of the County of San Bernardino and State of California.

6.   Plaintiff JEANETTE ALAMEDA is, and at all relevant times mentioned herein was, a resident of the County of San Bernardino and State of California.

7.   Plaintiff JASMINE LYNES is, and at all relevant times mentioned herein was, a resident of the County of San Bernardino and State of California.

8.   Defendant COUNTY OF SAN BERNARDINO (COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT) is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of

-2-

1   California, with the capacity to be sued. The COUNTY OF SAN BERNARDINO is responsible for the

2   actions, omissions, policies, procedures, practices, and customs of its various agents and agencies,

3   including the San Bernardino County Sheriff's Department and its agents and employees. At all relevant

4   times, Defendant COUNTY OF SAN BERNARDINO was responsible for assuring that the actions,

5   omissions, policies, procedures, practices, and customs of the SAN BERNARDINO COUNTY

6   SHERIFF'S DEPARTMENT and its employees and agents complied with the laws of the United States

7   of America and of the State of California.

8   9.   At all relevant times, the COUNTY OF SAN BERNARDINO was the employer of Defendant

9   DOES 1-5.

10   10. Defendant DOES 1-5 are COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT

11   Deputies for the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT. Defendant DOE SAN

12   BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-5 were acting with the complete authority and

13   ratification of their principal, Defendant COUNTY OF SAN BERNARDINO.

14   11. Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 4-5 are Supervisory

15   Deputies within the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT who were acting

16   under color of law within the course and scope of their duties as SAN BERNARDINO COUNTY

17   SHERIFF'S DEPARTMENT Deputies for the SAN BERNARDINO COUNTY SHERIFF'S

18   DEPARTMENT. Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 4-5 were

19   acting with the complete authority and ratification of their principal, Defendant COUNTY OF SAN

20   BERNARDINO.

21   12. Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 4-5 are managerial,

22   supervisorial, and policymaking employees of the SAN BERNARDINO COUNTY SHERIFF'S

23   DEPARTMENT who were acting under color of law within the course and scope of their duties as

24   managerial, supervisorial, and policymaking employees for the SAN BERNARDINO COUNTY

25   SHERIFF'S DEPARTMENT. Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S

26   DEPUTIES 4-5 were acting with the complete authority and ratification of their principal, Defendant

27   COUNTY OF SAN BERNARDINO.

28   13. On information and belief, DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-5

-3-

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

1    were residents of the COUNTY OF SAN BERNARDINO.

2        14.  In doing the acts and failing and omitting to act as hereinafter described, Defendant DOE SAN

3    BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-5 were acting on the implied and actual

4    permission and consent of Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 4-

5    5.

6        15.  In doing the acts and failing and omitting to act as hereinafter described, Defendant DOE SAN

7    BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-5 were acting on the implied and actual

8    permission and consent of the Defendant COUNTY OF SAN BERNARDINO.

9        16.  Defendant CITY OF VICTORVILLE (VICTORVILLE POLICE DEPARTMENT) is, and at all

10   relevant times mentioned herein was, a municipal entity or political subdivision of the United States,

11   organized and existing under the laws of the State of California, with the capacity to be sued.  The CITY

12   OF VICTORVILLE is responsible for the actions, omissions, policies, procedures, practices, and

13   customs of its various agents and agencies, including the VICTORVILLE POLICE DEPARTMENT and

14   its agents and employees. At all relevant times, Defendant CITY OF VICTORVILLE was responsible

15   for assuring that the actions, omissions, policies, procedures, practices, and customs of the

16   VICTORVILLE POLICE DEPARTMENT and its employees and agents complied with the laws of the

17   United States of America and of the State of California.

18       17.  At all relevant times, the CITY OF VICTORVILLE was the employer of Defendant DOE

19   VICTORVILLE POLICE DEPARTMENT POLICE OFFICERS 6-10.

20       18.  Defendant DOE VICTORVILLE POLICE DEPARTMENT POLICE OFFICERS 6-10 are

21   VICTORVILLE POLICE DEPARTMENT Police Officers for the CITY OF VICTORVILLE.

22   Defendant DOE VICTORVILLE POLICE DEPARTMENT POLICE OFFICERS 6-10 were acting with

23   the complete authority and ratification of their principal, Defendant CITY OF VICTORVILLE.

24       19.  Defendant DOE VICTORVILLE POLICE DEPARTMENT POLICE OFFICERS 9-10 are

25   Supervisory Police Officers within the CITY OF VICTORVILLE POLICE DEPARTMENT who were

26   acting under color of law within the course and scope of their duties as VICTORVILLE Police Officers

27   for the VICTORVILLE POLICE DEPARTMENT. Defendant DOE VICTORVILLE POLICE

28   DEPARTMENT POLICE OFFICERS 9-10 were acting with the complete authority and ratification of

-4-

1   their principal, Defendant CITY OF VICTORVILLE.

2       20.   Defendant DOE VICTORVILLE POLICE DEPARTMENT POLICE OFFICERS 9-10 are

3   managerial, supervisorial, and policymaking employees of the CITY OF VICTORVILLE Police

4   Department who were acting under color of law within the course and scope of their duties as

5   managerial,   supervisorial,   and   policymaking   employees   for   the   VICTORVILLE   POLICE

6   DEPARTMENT. Defendant DOE VICTORVILLE POLICE DEPARTMENT POLICE OFFICERS 9-

7   10 were acting with the complete authority and ratification of their principal, Defendant CITY OF

8   VICTORVILLE.

9       21.   On information and belief, Defendant DOE VICTORVILLE POLICE DEPARTMENT POLICE

10  OFFICERS 6-10 were residents of the COUNTY OF SAN BERNARDINO.

11      22.   In doing the acts and failing and omitting to act as hereinafter described, Defendant DOE

12  VICTORVILLE POLICE DEPARTMENT POLICE OFFICERS 6-10 were acting on the implied and

13  actual permission and consent of Defendant DOE VICTORVILLE POLICE DEPARTMENT POLICE

14  OFFICERS 9-10.

15      23.   In doing the acts and failing and omitting to act as hereinafter described, Defendant DOE

16  VICTORVILLE POLICE DEPARTMENT POLICE OFFICERS 6-10 were acting on the implied and

17  actual permission and consent of the Defendant CITY OF VICTORVILLE.

18      24.   On or about October 10, 2019 and on earlier dates, timely Claims for Damages were submitted to

19  the COUNTY OF SAN BERNARDINO and the CITY OF VICTORVILLE in substantial compliance

20  with California Government Code § 911.2. As of the date of the filing of this Complaint, said Claims

21  were all denied.

22      25.   The true names and/or capacities, whether individual, corporate, associate or otherwise of

23  Defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs at this time, who therefore sue said

24  Defendants by such fictitious names. Plaintiffs are informed and believe, and thereupon allege, that each

25  of the Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other

26  actionable manner, for the events and happenings hereinafter referred to, and thereby proximately

27  caused the injuries and damages to Plaintiffs as hereinafter alleged.  Plaintiffs will seek leave of court to

28  amend this Complaint to insert the true names and/or capacities of such fictitiously named Defendants

-5-

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

1    when the same have been ascertained.

2    26.  Each of the individual Defendants DOE 1-10 sued herein is sued both in his/her individual and

3    personal capacity, as well as in their official capacity as sworn peace officers.

4    27.  Plaintiffs are informed and believe, and thereupon allege, that at all times relevant and mentioned

5    herein, Defendants, and each of them, including DOES 1 through 10, inclusive, and each of them, were

6    the agents, servants, employees, independent contractors, co-conspirators, retailers, distributors,

7    wholesalers, management companies, subsidiaries and/or joint venturers of their co-Defendants, and

8    were at all times material hereto, acting within the course, scope and authority and purpose of said

9    agency, employment and/or venture, and with the permission and consent of their co-Defendants, and/or

10    that all of said acts were subsequently performed with the knowledge, acquiescence, ratification and

11    consent of the respective principals, and the benefits thereof accepted by their principals. Each and every

12    Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and

13    every other Defendant. Each and every Defendant, as aforesaid, when acting as an agent, employee

14    and/or joint venturer was negligent in the selection and hiring of each and every other Defendant.

15    <u>**GENERAL ALLEGATIONS**</u>

16    28.  This civil rights and state tort action seeks compensatory and punitive damages from Defendants

17    for violating various rights which our citizens are guaranteed under Constitutions of the United States of

18    America and the State of California, and violations of state law, in connection with unjustified and

19    unprovoked assaults on both SAMUEL NAVARETTE, JR. and SAMUEL NAVARETTE, SR. while

20    they attended a birthday party for SAMUEL R. NAVARETTE JR.'S 8 year-old son, surrounded by

21    friends and family, many of whom were children.

22    29.  The incident happened at 11758 Trailwood Street in Victorville, California at approximately

23    8:00 p.m. on June 29, 2019.

24    30.  Two persons, one apparently with the VICTORVILLE POLICE DEPARTMENT and the other

25    apparently with the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, showed up at the

26    residence located at 11758 Trailwood Street in Victorville, California where the party was being held,

27    allegedly because fireworks had been making noise at the residence. They were met at the front door by,

28    among others, SAMUEL R. NAVARETTE, JR., who told them that he was not the owner, but a guest,

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

1 | and after a brief communication, SAMUEL R. NAVARETTE, JR. was grabbed, forced to the ground
2 | without any sufficient justification or provocation justifying this use of force. At the door, the DOE SAN
3 | BERNARDINO COUNTY SHERIFF'S DEPUTY was swinging his baton in an aggressive and
4 | intimidating manner with no provocation or justification.

5 | 31.  SAMUEL R. NAVARETTE, JR. was grabbed, thrown against a wall, pinned there, then dragged
6 | with his arm forcibly behind him in a painful manner. The DOE SAN BERNARDINO COUNTY
7 | SHERIFF'S DEPUTY then kicked his feet out from under SAMUEL R. NAVARETTE, JR., violently
8 | taken down onto the hard ground face first by the DOE SAN BERNARDINO COUNTY SHERIFF'S
9 | DEPUTY, and SAMUEL R. NAVARETTE, JR. was held down with a knee to his back, was being
10 | handcuffed, and then he was violently struck in his head/brain area with an impact weapon, believed to
11 | be a gun. All the acts of violence complained of herein were excessive, unnecessary, and unlawful. All
12 | of these acts were observed by, and assisted by, the DOE VICTORVILLE POLICE DEPARTMENT
13 | POLICE OFFICER. Shortly thereafter, SAMUEL R. NAVARETTE, JR. while in the same defenseless
14 | position and in front of his children, relatives and other guests, was repeatedly and violently struck on
15 | SAMUEL R. NAVARETTE, JR.'s skull/brain area with another impact weapon by the DOE SAN
16 | BERNARDINO COUNTY SHERIFF'S DEPUTY, believed to be a police-issued baton. This
17 | completely and objectively unreasonable and unjustified use of potentially deadly force under these
18 | circumstances against the skull of SAMUEL R. NAVARETTE, JR., who did not pose an immediate
19 | threat of death or serious bodily injury to anyone at this time, or any time relevant, who had not
20 | committed any crime, who was with no weapons, who was not resisting, who was no threat to law
21 | enforcement, is abhorrent in a civilized society, as there is no justification for using lethal force unless it
22 | is necessary to defend against an imminent threat of death or serious bodily injury to officers or
23 | bystanders.

24 | 32.  These acts of unprovoked, unreasonable, unjustified use of potentially deadly force, culminating
25 | in repeated potentially deadly head strikes to a defenseless man on the ground, SAMUEL R.
26 | NAVARETTE, JR., while in the same defenseless position and in front of his father, his children, other
27 | close relatives and other guests, repeatedly and violently struck on his skull/brain area, by the COUNTY
28 | OF SAN BERNARDINO SHERIFF'S DEPUTY, were followed thereafter by a completely unjustified

-7-

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

1   Taser attack on SAMUEL R. NAVARETTE, SR. who stood nearby, also presenting no threat, with no

2   weapon, who merely inquired as to why the police were beating his son on the ground in front of him.

3   Neither SAMUEL R. NAVARETTE, JR. nor SAMUEL R. NAVARETTE, SR. ever made any

4   aggressive movements, furtive gestures, or physical movements which would objectively and reasonably

5   lead a properly trained peace officer to believe either had any kind of weapon, or had the will or the

6   ability to inflict sufficient bodily harm to justify any of these acts of violence and uses of force.

7      33.   The same COUNTY OF SAN BERNARDINO SHERIFF'S DEPUTY who attacked and beat

8   SAMUEL R. NAVARETTE, JR. proceeded to use his Taser on his father SAMUEL R. NAVARETTE,

9   SR. They were each humiliated, attacked, and treated like dogs, like violent criminals, by these DOE

10  Defendants who acted together, and whose identities are unknown to the Plaintiffs at present. Neither

11  SAMUEL R. NAVARETTE, JR. or SAMUEL R. NAVARETTE, SR. ever threatened any Police

12  Officer or Sheriff's Deputy at any time relevant herein, nor did they have anything in their hands, or any

13  weapon on their person, or in any way justify use of force, and certainly not deadly force. No Police

14  Officer or Sheriff's Deputy was at all injured nor was anyone else by either man.

15     34.   SAMUEL R. NAVARETTE, JR. was detained and arrested without reasonable suspicion and

16  arrested without probable cause, and thereafter prosecuted. On information and belief, the involved

17  Sheriff's Deputies and Police Officers at the scene also failed to timely summon medical attention after

18  these brutal acts.

19                                  **FIRST CAUSE OF ACTION**

20                   **FOURTH AMENDMENT – DETENTION AND ARREST (42 U.S.C. § 1983)**

21                              (Plaintiff SAMUEL R. NAVARETTE, JR.

22            Against Defendants DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3

23                     and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8)

24     35.   Plaintiffs repeat and re-allege each and every allegation set forth in ¶¶ 1-34 of this Complaint

25  with the same force and effect as if fully set forth herein.

26     36.   Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and DOE CITY

27  OF VICTORVILLE POLICE OFFICERS 6-8 detained SAMUEL R. NAVARETTE, JR. without

28  reasonable suspicion and arrested him without probable cause.

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

1   37.  When Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and DOE

2   CITY OF VICTORVILLE POLICE OFFICERS 6-8 used force against SAMUEL R. NAVARETTE,

3   JR., and when they unreasonably detained and arrested him, they violated SAMUEL R. NAVARETTE,

4   JR.'s right to be secure in his person against unreasonable searches and seizures as guaranteed to

5   SAMUEL R. NAVARETTE, JR. under the Fourth Amendment to the United States Constitution and

6   applied to State actors by the Fourteenth Amendment to the United States Constitution.

7   38.  The conduct of Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3

8   and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8 was willful, wanton, malicious, and done

9   with reckless disregard for the rights and safety of SAMUEL R. NAVARETTE, JR. and therefore

10  warrants the imposition of exemplary and punitive damages as to Defendants DOE SAN

11  BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and DOE CITY OF VICTORVILLE POLICE

12  OFFICERS 6-8.

13  39.  As a result of their misconduct, Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S

14  DEPUTIES 1-3 and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8 are liable for SAMUEL

15  R. NAVARETTE, JR.'s injuries and damages, because they were integral participants in the wrongful

16  detention and arrest. Plaintiff SAMUEL R. NAVARETTE, JR. also seeks attorney's fees under this

17  cause of action.

18  ## SECOND CAUSE OF ACTION

19  **FOURTH AMENDMENT – EXCESSIVE FORCE (42 U.S.C. § 1983)**

20  (Plaintiff SAMUEL R. NAVARETTE, JR. & Plaintiff SAMUEL R. NAVARETTE, SR.

21  against Defendants DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3

22  and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8)

23  40.  Plaintiffs repeat and re-allege each and every allegation set forth in ¶¶ 1-39 of this Complaint

24  with the same force and effect as if fully set forth herein.

25  41.  Defendant DOE DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and DOE

26  CITY OF VICTORVILLE POLICE OFFICERS 6-8 used excessive force against Plaintiff SAMUEL R.

27  NAVARETTE, JR. & Plaintiff SAMUEL R. NAVARETTE, SR. when SAMUEL R. NAVARETTE,

28  JR. was grabbed, thrown against a wall, pinned there, then dragged with his arm forcibly behind him in a

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

1   painful manner. The DOE Sheriff's Deputy then kicked his feet out from under SAMUEL R.
2   NAVARETTE, JR., violently taken down onto the hard ground face first by the DOE Sheriff's Deputy,
3   and SAMUEL R. NAVARETTE, JR. was held down with a knee to his back, was being handcuffed, and
4   then he was violently strikeed in his head/brain area with an impact weapon, believed to be a gun. All
5   the acts of violence complained of herein were excessive, unnecessary, and unlawful. Shortly thereafter,
6   SAMUEL R. NAVARETTE, JR. while in the same defenseless position and in front of his children,
7   relatives and other guests, was repeatedly and violently struck on SAMUEL R. NAVARETTE, JR.'s
8   skull/brain area with another impact weapon, believed to be a police-issued baton.

9     42.  This violence and excessive force was followed thereafter by a completely unjustified Taser
10   attack on SAMUEL R. NAVARETTE, SR. who stood nearby, also presenting no threat, with no
11   weapon, who merely inquired as to why the police were beating his son on the ground in front of him.
12   Neither SAMUEL R. NAVARETTE, JR. nor SAMUEL R. NAVARETTE, SR. ever made any
13   aggressive movements, furtive gestures, or physical movements which would objectively and reasonably
14   lead a properly trained peace officer to believe either had any kind of weapon, or had the will or the
15   ability to inflict sufficient bodily harm to justify any of these acts of violence and uses of force.

16     43.  As a result of the foregoing, Plaintiff SAMUEL R. NAVARETTE, JR. & Plaintiff SAMUEL R.
17   NAVARETTE, SR. each suffered great physical pain and emotional distress, loss of enjoyment of life,
18   were caused to seek medical care, incur debts, lost earnings, all in an amount in excess of the minimum
19   jurisdiction of this Court.

20     44.  As a result of their misconduct, Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S
21   DEPUTIES 1-3 and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8 are liable for the
22   damages caused to Plaintiff SAMUEL R. NAVARETTE, JR. & Plaintiff SAMUEL R. NAVARETTE,
23   SR. either because they were integral participants in the use of excessive force, or because they failed to
24   intervene to prevent these violations.

25     45.  This conduct of Defendant DOE DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES
26   1-3 and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8 was unjustified and deprived Plaintiff
27   SAMUEL R. NAVARETTE, JR. & Plaintiff SAMUEL R. NAVARETTE, SR. of their right to be secure
28   in their person against unreasonable searches and seizures as guaranteed to Plaintiff SAMUEL R.

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

1   NAVARETTE, JR. & Plaintiff SAMUEL R. NAVARETTE, SR. under the Fourth Amendment to the

2   United States Constitution and applied to state actors by the Fourteenth Amendment to the United States

3   Constitution.

4      46.  The conduct of Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3

5   and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8 was willful, wanton, malicious, and done

6   with reckless disregard for the rights and safety of Plaintiff SAMUEL R. NAVARETTE, JR. & Plaintiff

7   SAMUEL R. NAVARETTE, SR. Neither man posed an immediate threat of death or serious bodily

8   injury to any Deputy or Police Officer at the scene and therefore warrants the imposition of exemplary

9   and punitive damages as to Defendants DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES

10  1-3 and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8.

11     47.  As a result of this excessive and unreasonable uses of force, Defendant DOE SAN

12  BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and DOE CITY OF VICTORVILLE POLICE

13  OFFICERS 6-8 are liable for SAMUEL R. NAVARETTE, JR. & Plaintiff SAMUEL R. NAVARETTE,

14  SR.'s injuries and damages, because they were integral participants in the wrongful detention and arrest.

15  Plaintiff SAMUEL R. NAVARETTE, JR. & Plaintiff SAMUEL R. NAVARETTE, SR.  also seek

16  attorney's fees under this cause of action.

17                          **THIRD CAUSE OF ACTION**

18                   **SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983)**

19                              (By all Plaintiffs

20         against Defendants DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3

21                   and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8)

22     48.  Plaintiffs repeat and re-allege each and every allegation set forth in ¶¶ 1-47 of this Complaint

23  with the same force and effect as if fully set forth herein.

24     49.  Plaintiffs SAMUEL R. NAVARETTE, JR.; SAMUEL R. NAVARETTE, SR.; ANDREW

25  NAVARETTE a Minor, by and through her Guardian ad Litem, ROSE VIALPANDO; JESSICA

26  NAVARETTE, a Minor, by and through her Guardian ad Litem, ROSE VIALPANDO; DANIEL

27  NAVARETTE; JEANETTE ALAMEDA; JASMINE LYNES, individually, had cognizable interests

28  under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free

-11-

1   from state actions that deprived them of life, liberty, or property in such a manner as to shock the

2   conscience, including but not limited to unwarranted State interference in their familial relationships

3   with each other.

4   50.   The aforementioned conduct of Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S

5   DEPUTIES 1-3 and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8, along with other

6   undiscovered conduct, shocks the consciousness, in that they acted with deliberate indifference to the

7   constitutional rights of Plaintiff SAMUEL R. NAVARETTE, JR. & Plaintiff SAMUEL R.

8   NAVARETTE, SR., and their family and relatives who watched the savagery and horrific police

9   brutality take place at a family gathering intended to celebrate the birthday of a child, and a celebration

10  of family, with purpose to harm unrelated to any legitimate law enforcement objective which could

11  reasonably be justified under the circumstances at this peaceful family gathering, where the worst thing

12  anyone could say was that they might be shooting off some fireworks during the week of July 4th, an

13  American tradition.

14  51.   As a direct and proximate result of these actions, Plaintiffs suffered pain and suffering and

15  infliction of emotional distress, and were all placed in fear of their lives and the lives of their family

16  members.  Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and DOE

17  CITY OF VICTORVILLE POLICE OFFICERS 6-8 thus violated the substantive due process rights of

18  Plaintiffs to be free from unwarranted interference with their familial relationships to Plaintiff SAMUEL

19  R. NAVARETTE, JR. & Plaintiff SAMUEL R. NAVARETTE, SR.

20  52.   As a direct and proximate result of these actions by Defendant DOE SAN BERNARDINO

21  COUNTY SHERIFF'S DEPUTIES 1-3 and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8,

22  Plaintiffs have suffered emotional distress, mental anguish and pain.

23  53.   The conduct of Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3

24  and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8 was willful, wanton, malicious, and done

25  with reckless disregard for the rights and safety of SAMUEL R. NAVARETTE, JR. & Plaintiff

26  SAMUEL R. NAVARETTE, SR. and the other Plaintiffs and therefore warrants the imposition of

27  exemplary and punitive damages as to Defendants DOE SAN BERNARDINO COUNTY SHERIFF'S

28  DEPUTIES 1-3 and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8. Plaintiffs also seek

-12-

**FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL**

1  attorney's fees under this cause of action.

2  **FOURTH CAUSE OF ACTION**

3  **MUNICIPAL LIABILITY – RATIFICATION (42 U.S.C. § 1983)**

4  (By all Plaintiffs against Defendants COUNTY OF SAN BERNARDINO and DOES 4-5

5  and against Defendants CITY OF VICTORVILLE and DOES 9-10)

6  54.  Plaintiffs repeat and re-allege each and every allegation set forth in ¶¶ 1-53 of this Complaint

7  with the same force and effect as if fully set forth herein.

8  55.  Defendant Defendants DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and

9  DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8 acted under color of law.

10  56.  The acts of Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and

11  DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8 deprived Plaintiffs of their particular rights

12  under the United States Constitution.

13  57.  Upon information and belief, a final policymaker for the San Bernardino County Sheriff's

14  Department, acting under color of law, who had final policymaking authority concerning the acts of

15  Defendants DOE Deputies 1-3 ratified the conduct of the individual Deputies at the family gathering for

16  a child's birthday party which took place at 11758 Trailwood Street in Victorville, California at

17  approximately 8:00 p.m. on June 29, 2019, and the bases for them. Upon information and belief, the

18  final San Bernardino County Sheriff's Department policymaker knew of and specifically approved of

19  the acts and conduct of the individual Sheriff's Deputies who went to the Trailwood Street residence

20  and/or had anything thereafter to do with the intimidation, harrassment, brutality, wrongful detention,

21  wrongful arrest, wrongful prosecution, or other related acts arising from this unprovoked confrontation

22  and brutality at 11758 Trailwood Street in Victorville, California at approximately 8:00 p.m. on June 29,

23  2019.

24  58.  Upon information and belief, a final policymaker for the VICTORVILLE POLICE

25  DEPARTMENT, acting under color of law, who had final policymaking authority concerning the acts of

26  Defendants DOE VICTORVILLE POLICE OFFICERS 6-8 ratified the conduct of the individual

27  VICTORVILLE POLICE OFFICERS at the family gatheirng for a child's birthday party which took

28  place at 11758 Trailwood Street in Victorville, California at approximately 8:00 p.m. on June 29, 2019,

-13-

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

1    and the bases for them. Upon information and belief, the final VICTORVILLE POLICE
2    DEPARTMENT policymaker knew of and specifically approved of the acts and conduct of the
3    individual DOE VICTORVILLE POLICE OFFICERS who went to the Trailwood Street residence
4    and/or had anything thereafter to do with the intimidation, harrassment, brutality, wrongful detention,
5    wrongful arrest, wrongful prosecution, or other related acts arising from this unprovoked confrontation
6    and brutality at 11758 Trailwood Street in Victorville, California at approximately 8:00 p.m. on June 29,
7    2019.

8        59.  Upon information and belief, a final policymaker with the SAN BERNARDINO COUNTY
9    SHERIFF'S DEPARTMENT has determined that the acts of SAN BERNARDINO COUNTY
10   SHERIFF'S DOE Deputies 1-3 were "within policy."

11       60.  Upon information and belief, a final policymaker with the VICTORVILLE POLICE
12   DEPARTMENT  has determined that the acts of DOE VICTORVILLE POLICE OFFICERS 6-8 were
13   "within policy."

14       61.  Upon information and belief, a final policymaker with the SAN BERNARDINO COUNTY
15   SHERIFF'S DEPARTMENT has ratified the use of excessive potentially deadly force, including but not
16   limited to head strikes with impact weapons to a defenseless unarmed man who posed no risk
17   whatsoever, and the needless Taser use on a bystander who posed no risk whatsoever, especially wanton
18   and despicable to conclude such needless, unprovoked and potentially deadly use of force was somehow
19   acceptable and justifed when juries have found the force to be excessive, and where the public and our
20   Legislature has been outraged by this epidemic of police brutality in our society, especially but not
21   limited to persons of color like the Plaintiffs, calling for new laws to protect our citizens and new
22   standards of decency and restraint from those who are sworn to protect and serve us, we the people.

23       62.  Upon information and belief, a final policymaker with the VICTORVILLE POLICE
24   DEPARTMENT  has ratified the use of excessive potentially deadly force, including but not limited to
25   head strikes with impact weapons to a defenseless unarmed man who posed no risk whatsoever, and the
26   needless Taser use on a bystander who posed no risk whatsoever, especially wanton and despicable to
27   conclude such needless, unprovoked and potentially deadly use of force was somehow acceptable and
28   justifed when juries have found the force to be excessive, and where the public and our Legislature has

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

1    been outraged by this epidemic of police brutality in our society, especially but not limited to persons of

2    color like the Plaintiffs, calling for new laws to protect our citizens and new standards of decency and

3    restraint from those who are sworn to protect and serve us, we the people.

4        63.  By reason of the aforementioned acts and omissions, Plaintiffs have been caused to needlessly

5    endure pain and suffering, emotional distress, economic damages, in some cases medical care and

6    economic debts, and loss of enjoyment of life. Accordingly, Defendants COUNTY OF SAN

7    BERNARDINO and DOES 4-5, and  Defendants CITY OF VICTORVILLE and DOES 9-10 each are

8    liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983. Plaintiffs also seek attorney's

9    fees under this cause of action.

10                              **FIFTH CAUSE OF ACTION**

11              **MUNICIPAL LIABILITY – FAILURE TO TRAIN (42 U.S.C. § 1983)**

12              (By all Plaintiffs against Defendants COUNTY OF SAN BERNARDINO and DOES 4-5

13                          and against Defendants CITY OF VICTORVILLE and DOES 9-10)

14       64.  Plaintiffs repeat and re-allege each and every allegation set forth in ¶¶ 1-63 of this Complaint

15    with the same force and effect as if fully set forth herein.

16       65.  Defendants DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and DOE CITY

17    OF VICTORVILLE POLICE OFFICERS 9-10 acted under color of law.

18       66.  The acts of Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and

19    DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8 deprived Plaintiffs of their particular rights

20    under the United States Constitution.

21       67.  The training policies of Defendant COUNTY OF SAN BERNARDINO were not adequate to

22    train its deputies to handle the usual and recurring situations with which they must deal.

23       68.  Similarly, the training policies of Defendant CITY OF VICTORVILLE were not adequate to

24    train its police officers to handle the usual and recurring situations with which they must deal.

25       69.  Defendant COUNTY OF SAN BERNARDINO was deliberately indifferent to the obvious

26    consequences of its failure to train its deputies adequately.

27       70.  Simialrly, Defendant CITY OF VICTORVILLE was deliberately indifferent to the obvious

28    consequences of its failure to train its police adequately.

-15-

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

71.   The failure of Defendant COUNTY OF SAN BERNARDINO to provide adequate training caused the deprivation of Plaintiffs' rights by Defendant COUNTY OF SAN BERNARDINO SHERIFF'S DEPUTIES; that is, Defendant COUNTY OF SAN BERNARDINO's failure to train is so closely related to the deprivation of Plaintiffs' rights as to be a moving force that caused ultimate injury.

72.   On information and belief, Defendant COUNTY OF SAN BERNARDINO failed to train DOE Deputies 1-5 properly and adequately.

73.   The failure of Defendant CITY OF VICTORVILLE to provide adequate training caused the deprivation of Plaintiffs' rights by Defendant CITY OF VICTORVILLE POLICE OFFICERS; that is, Defendant CITY OF VICTORVILLE's failure to train is so closely related to the deprivation of Plaintiffs' rights as to be a moving force that caused ultimate injury.

74.   On information and belief, Defendant CITY OF VICTORVILLE failed to train DOE Police Officers 6-10 properly and adequately.

75.   By reason of the aforementioned acts and omissions, Plaintiffs have been caused to needlessly endure pain and suffering, emotional distress, economic damages, in some cases medical care and economic debts, and loss of enjoyment of life. Accordingly, Defendants COUNTY OF SAN BERNARDINO and DOES 4-5, and  Defendants CITY OF VICTORVILLE and DOES 9-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983. Plaintiffs also seek attorney's fees under this cause of action.

### SIXTH CAUSE OF ACTION

### MUNICIPAL LIABILITY – UNCONSTITUTIONAL CUSTOM,

### PRACTICE OR POLICY (42 U.S.C. § 1983)

(By all Plaintiffs against Defendants COUNTY OF SAN BERNARDINO and DOES 4-5

and against Defendants CITY OF VICTORVILLE and DOES 9-10)

76.   Plaintiffs repeat and re-allege each and every allegation set forth in ¶¶ 1-75 of this Complaint with the same force and effect as if fully set forth herein.

77.   Defendants DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8 acted under color of law.

///

-16-

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

1  78. Defendants DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 acted pursuant
2  to an expressly adopted official policy or lonstanding custom or practice of SAN BERNARDINO
3  COUNTY.

4  79. Defendants DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8 acted pursuant to an
5  expressly adopted official policy or long-standing custom or practice of the CITY OF VICTORVILLE.

6  80. On information and belief, Defendants DOE SAN BERNARDINO COUNTY SHERIFF'S
7  DEPUTIES 1-3 were not disciplined, reprimanded, retrained, suspended, or otherwise penalized for the
8  police brutality and despicable conduct that took place at 11758 Trailwood Street in Victorville,
9  California at approximately 8:00 p.m. on June 29, 2019.

10  81. On information and belief, Defendants DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8
11  were not disciplined, reprimanded, retrained, suspended, or otherwise penalized for the police brutality
12  and despicable conduct that took place at 11758 Trailwood Street in Victorville, California at
13  approximately 8:00 p.m. on June 29, 2019.

14  82. Defendant COUNTY OF SAN BERNARDINO and DOE SAN BERNARDINO COUNTY
15  SHERIFF'S DEPUTIES 1-5, including but not limited to the Deputies at the scene of 11758 Trailwood
16  Street in Victorville, California at approximately 8:00 p.m. on June 29, 2019, and the policymakers and
17  supervisors within the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT maintained, inter
18  alia, the following unconstitutional customs, practices and polices:

19      a) Using excessive force, including excessive potentially deadly force including but not limited to
20          head strikes with impact weapons including guns and batons;

21      b) Providing inadequate training regarding the use of deadly force;

22      c) Providing inadequate training regarding the use of Taser devices;

23      d) Employing and retaining as COUNTY OF SAN BERNARDINO SHERIFF'S DEPUTIES
24          individuals such as Defendant DOE Deputies 1-10 whom Defendant COUNTY OF SAN
25          BERNARDINO at all times material herein knew or reasonably should have known had
26          dangerous propensities for abusing their authority and for using excessive force;

27      e) Inadequately supervising, training, controlling, assigning, and disciplining COUNTY OF SAN
28          BERNARDINO SHERIFF'S DEPUTIES, and other personnel, including Defendant DOE SAN

-17-

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

1         BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-5 who the COUNTY OF SAN

2         BERNARDINO knew, or in the exercise of reasonable care should have known, had the

3         aforementioned propensities and character traits;

4    f) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing,

5         disciplining and controlling misconduct by COUNTY OF SAN BERNARDINO SHERIFF'S

6         DEPUTIES, including but not limited to Defendant DOE SAN BERNARDINO COUNTY

7         SHERIFF'S DEPUTIES 1-5, including failing to require deputies involved in the use of force or

8         misconduct to give statements regarding the incident;

9    g) Failing to adequately discipline COUNTY OF SAN BERNARDINO SHERIFF'S DEPUTIES,

10         including  Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-5, for

11         the above-referenced categories of misconduct, including "slaps on the wrists," discipline that is

12         so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate

13         discipline that is tantamount to encouraging misconduct;

14    h) Announcing that unjustified situations of excessive force like the situation herein are "within

15         policy," including police brutality by the COUNTY OF SAN BERNARDINO SHERIFF'S

16         DEPUTIES that were later deemed to be unconstitutional;

17    i) Even when the incidents of unjustified police brutality are determined in court to be

18         unconstitutional, refusing to discipline, terminate, or retrain the deputies involved;

19    j) Encouraging, accomodating, or facilitating a "blue code of silence," "blue shield," "blue wall,"

20         "blue curtain," "blue veil," or simply a "code of silence" and encouragement of "testilying"

21         pursuant to which sehriff's deputies do not report other deputies' errors, misconduct, or crimes.

22         Pursuant to this code of silence, if questioned about an incident of misconduct involving another

23         officer, while following the code, the officer being questioned will claim ignorance of the other

24         officer's wrongdoing, often claiming some form of "tunnel vision" to "explain" why they do not

25         see things happening right next to them which are unconstitutional;

26    k) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of

27         incidents of excessive force including unjustified head strikes with impact weapons, including

28         failing to discipline, retrain, investigate, terminate, and recommend officers for criminal

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

prosecution who participate in  incidents of excessive force including unjustified head strikes with impact weapons.

83.  Defendant CITY OF VICTORVILLE and DOE VICTORVILLE POLICE OFFICERS 6-8, including but not limited to the VICTORVILLE Police Officers at the scene of 11758 Trailwood Street in Victorville, California at approximately 8:00 p.m. on June 29, 2019, and the policymakers and supervisors within the CITY OF VICTORVILLE POLICE DEPARTMENT maintained, inter alia, the following unconstitutional customs, practices and polices:

a) Using excessive force, including excessive potentially deadly force including but not limited to head strikes with impact weapons including guns and batons;

b) Providing inadequate training regarding the use of deadly force;

c) Providing inadequate training regarding the use of Taser devices;

d) Employing and retaining as CITY OF VICTORVILLE POLICE OFFICERS individuals such as Defendant DOE VICTORVILLE POLICE OFFICERS 6-8, whom Defendant CITY OF VICTORVILLE at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

e) Inadequately supervising, training, controlling, assigning, and disciplining CITY OF VICTORVILLE POLICE OFFICERS, and other personnel, including Defendant DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8 who the CITY OF VICTORVILLE POLICE DEPARTMENT knew, or in the exercise of reasonable care should have known, had the aforementioned propensities and character traits;

f) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY OF VICTORVILLE POLICE OFFICERS, including but not limited to Defendant DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8, including failing to require deputies involved in the use of force or misconduct to give statements regardin the incident;

g) Failing to adequately discipline CITY OF VICTORVILLE POLICE OFFICERS, including Defendant DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8, for the above-referenced categories of misconduct, including "slaps on the wrists," discipline that is so slight as to be out

-19-

1  of proportion to the magnitude of the misconduct, and other inadequate discipline that is
2  tantamount to encouraging misconduct;

3  h) Announcing that unjustified situations of excessive force like the situation herein are "within
4  policy," including police brutality by the CITY OF VICTORVILLE POLICE OFFICERS that
5  were later deemed to be unconstitutional;

6  i) Even when the incidents of unjustified police brutality are determined in court to be
7  unconstitutional, refusing to discipline, terminate, or retrain the deputies involved;

8  j) Encouraging, accomodating, or facilitating a "blue code of silence," "blue shield," "blue wall,"
9  "blue curtain," "blue veil," or simply a "code of silence" and encouragement of "testilying"
10  pursuant to which sehriff's deputies do not report other deputies' errors, misconduct, or crimes.
11  Pursuant to this code of silence, if questioned about an incident of misconduct involving another
12  officer, while following the code, the officer being questioned will claim ignorance of the other
13  officer's wrongdoing, often claiming some form of "tunnel vision" to "explain" why they do not
14  see things happening right next to them which are unconstitutional;

15  k) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of
16  incidents of excessive force including unjustified head strikes with impact weapons, including
17  failing to discipline, retrain, investigate, terminate, and recommend officers for criminal
18  prosecution who participate in  incidents of excessive force including unjustified head strikes
19  with impact weapons.

20  84. By reason of the aforementioned acts and omissions, Plaintiffs have been caused to needlessly
21  endure pain and suffering, emotional distress, economic damages, in some cases medical care and
22  economic debts, and loss of enjoyment of life.

23  85. Defendants COUNTY OF SAN BERNARDINO and DOES 4-5, and Defendants CITY OF
24  VICTORVILLE and DOES 9-10, together with various other officials, whether named or unnamed, had
25  either actual or constructive knowledge of the deficient policies, practices and customs alleged in the
26  paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and
27  through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate
28  indifference to the foreseeable effects and consequences of these policies with respect to the

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

1 | constitutional rights of Plaintiffs, and other individuals similarly situated.

2 | 86.   By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful

3 | acts, Defendants COUNTY OF SAN BERNARDINO and DOES 4-5, and Defendants CITY OF

4 | VICTORVILLE and DOES 9-10, acted with intentional, reckless, callous, and despicable disregard for

5 | the life of Plaintiff SAMUEL R. NAVARETTE, JR. & Plaintiff SAMUEL R. NAVARETTE, SR. and

6 | for the constitutional rights of each Plaintiff. Furthermore, the policies, practices, and customs

7 | implemented, maintained, and still tolerated by Defendants COUNTY OF SAN BERNARDINO and

8 | DOES 4-5, and Defendants CITY OF VICTORVILLE and DOES 9-10 were affirmatively linked to and

9 | were a significant influential force behind the injuries suffered in particular by Plaintiff SAMUEL R.

10 | NAVARETTE, JR. & Plaintiff SAMUEL R. NAVARETTE, SR., and to all the Plaintiffs.

11 | 87.   Accordingly, Defendants COUNTY OF SAN BERNARDINO and DOES 4-5, and Defendants

12 | CITY OF VICTORVILLE and DOES 9-10 each are liable to Plaintiffs for compensatory damages under

13 | 42 U.S.C. § 1983. Plaintiffs also seek attorney's fees under this cause of action.

14 | **SEVENTH CAUSE OF ACTION**

15 | **FALSE ARREST / FALSE IMPRISONMENT**

16 | (By Plaintiff SAMUEL R. NAVARETTE, JR. against

17 | Defendants COUNTY OF SAN BERNARDINO and DOES 1-3

18 | and against Defendants CITY OF VICTORVILLE and DOES 6-8)

19 | 88.   Plaintiffs repeat and re-allege each and every allegation set forth in ¶¶ 1-87 of this Complaint

20 | with the same force and effect as if fully set forth herein.

21 | 89.   Defendants DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and DOE CITY

22 | OF VICTORVILLE POLICE OFFICERS 6-8, while working for their respective Departments, and

23 | while acting under color of law with the course and scope of their duties, intentionally deprived Plaintiff

24 | SAMUEL R. NAVARETTE, JR. of his freedom of movement by use of force, threats of force, menace,

25 | fraud, deceit, and unreasonable duress. Defendants DOE SAN BERNARDINO COUNTY SHERIFF'S

26 | DEPUTIES 1-3 and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8 detained Plaintiff

27 | SAMUEL R. NAVARETTE, JR. without reasonable suspicion and arrested him without probable cause.

28 | 90.   Plaintiff SAMUEL R. NAVARETTE, JR. did not knowlingly or voluntarily consent.

-21-

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

1      91.  Defendants DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and DOE CITY

2  OF VICTORVILLE POLICE OFFICERS 6-8 detained Plaintiff SAMUEL R. NAVARETTE, JR. for an

3  appreciable amount of time by wrongfully entering the dwelling where he was attending his child's

4  birthday party, surrounded by family and friends, slamming him against a wall, grabbing his arm

5  forcefully and twisting it behind his back, kicking his legs out from under him, slamming him onto the

6  hard ground, forcefully shoving a knee to his mid-back, smashing his skull with a gun and then baton

7  repeatedly and for no lawful reason, handcuffing him, and after beating and humiliating him in front of

8  his father, his children, other relatives and guests, the Defendants DOE SAN BERNARDINO COUNTY

9  SHERIFF'S DEPUTIES 1-3 and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8 raised him

10  off the ground as he profusely bled from his skull after the near-deadly head strikes, forcibly walked him

11  to a police vehicle, shoved him inside, took him to the police station, continued to harrass, degrade and

12  humiliate Plaintiff SAMUEL R. NAVARETTE, JR., and continue to take away his liberty and freedom

13  of movement, falsely arrested him on conjured up and perjurous false charges, refusing to provide

14  immediate medical assistance to further torture Plaintiff SAMUEL R. NAVARETTE, JR. and at all time

15  made it clear he was not free to leave their custody for an appreciable amount of time.

16      92.  The conduct of DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and DOE

17  CITY OF VICTORVILLE POLICE OFFICERS 6-8 was a substantial factor in causing harm to Plaintiff

18  SAMUEL R. NAVARETTE, JR. as alleged herein.

19      93.  Defendant COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of

20  DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 pursuant to *California Government*

21  *Code* § 815.2, which provides that a public entity is liable for the injuries caused by its employees within

22  the scope of their employment if the employee's act would subject him or her to liability.

23      94.  Defendant CITY OF VICTORVILLE is vicariously liable for the wrongful acts of DOE CITY

24  OF VICTORVILLE POLICE OFFICERS 6-8 pursuant to *California Government Code* § 815.2, which

25  provides that a public entity is liable for the injuries caused by its employees within the scope of their

26  employment if the employee's act would subject him or her to liability.

27      95.  The conduct of DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and DOE

28  CITY OF VICTORVILLE POLICE OFFICERS 6-8 was malicious, wanton, oppressive, despicable, and

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

1  accomplished with a conscious disregard for the rights of Plaintiff SAMUEL R. NAVARETTE, JR.,

2  entitling Plaintiff SAMUEL R. NAVARETTE, JR. to an award of exemplary and punitive damages.

3  96. As a result of their misconduct, DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES

4  1-3 and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8 are liable for Plaintiff SAMUEL R.

5  NAVARETTE, JR.'s injuries and damages, either because they were integral participants in the

6  wrongful detention and arrest, or because they failed to intervene to prevent these violations.

7  **EIGHTH CAUSE OF ACTION**

8  **BATTERY**

9  (By Plaintiffs SAMUEL R. NAVARETTE, JR. and Plaintiff SAMUEL R. NAVARETTE, SR.

10  against Defendants COUNTY OF SAN BERNARDINO and DOES 1-3

11  and against Defendants CITY OF VICTORVILLE and DOES 6-8)

12  97. Plaintiffs repeat and re-allege each and every allegation set forth in ¶¶ 1-96 of this Complaint

13  with the same force and effect as if fully set forth herein.

14  98. DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3, while working as SAN

15  BERNARDINO COUNTY SHERIFF'S DEPUTIES, and acting within the course and scope of their

16  duties, along with DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8, while working as CITY

17  OF VICTORVILLE POLICE OFFICERS, also acting within the course and scope of their duties, used

18  unreasonable and excessive force and intentionally pushed Plaintiff SAMUEL R. NAVARETTE, JR.

19  around, slammed him against hard objects, grabbed his arm forcefully and twisted it behind his back,

20  kicked his legs out from under him, slammed him onto the hard ground, forcefully shoved a knee to his

21  mid-back, smashed his skull with a gun and then baton over and over, merely to torture him and inflict

22  punishment against him for irrational and vicious purposes, without a care whether he would die or not

23  from this beating, handcuffed him in a manner designed to inflict further pain and injury to him, and

24  after beating and humiliating him in front of his father, his children, other relatives and guests, the

25  Defendants DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and DOE CITY OF

26  VICTORVILLE POLICE OFFICERS 6-8 raised him off the ground as he profusely bled from his skull

27  after the near-deadly head strikes, forcibly walked him to a police vehicle, shoved him inside, took him

28  to the police station, continued to harrass, degrade and humiliate Plaintiff SAMUEL R. NAVARETTE,

-23-

1     JR., refusing to provide immediate medical assistance to further torture Plaintiff SAMUEL R.
2     NAVARETTE, JR. as he bled profusely from his skull wounds they inflicted upon him which
3     wrongfully in their custody.

4     99. DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3, while working as SAN
5     BERNARDINO COUNTY SHERIFF'S DEPUTIES, and acting within the course and scope of their
6     duties, along with DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8, while working as CITY
7     OF VICTORVILLE POLICE OFFICERS, also acting within the course and scope of their duties, used
8     unreasonable and excessive force and intentionally used a TASER for no good reason or possible
9     justification against Plaintiff SAMUEL R. NAVARETTE, SR. causing him great injury and emotional
10     distress. The police well know that once the electrodes hit their target, the Taser is designed to cause
11     intense pain and incpacitating muscle contractions, sends a pulse with about 10,000 volts and a few
12     milliamps into the body of its intended target. The recipient is immobilized via two metal probes
13     connected via wires to the electroshock device. The recipient feels pain, and can be momentarily
14     paralyzed while an electric current is being applied. The United Nations Committee against Torture
15     reports that the use of Tasers can be a form of torture, due to the acute pain they cause, and warns
16     against the possibility of death in some cases.

17     100. As a result of the actions of Defendants DOE SAN BERNARDINO COUNTY SHERIFF'S
18     DEPUTIES 1-3 and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8, Plaintiff SAMUEL R.
19     NAVARETTE, JR. was injured and suffered tremendously, as set forth herein in the aforementioned
20     paragraphs. As a result of the actions of Defendants DOE SAN BERNARDINO COUNTY SHERIFF'S
21     DEPUTIES 1-3 and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8, Plaintiff SAMUEL R.
22     NAVARETTE, SR. was injured and suffered tremendously, as set forth herein in the aforementioned
23     paragraphs. Defendants DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and DOE
24     CITY OF VICTORVILLE POLICE OFFICERS 6-8 had no legal justification for their use of force on
25     either father or son, and this was despicable conduct and brutality. Their use of force while carrying out
26     their duties while working as SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES, and while
27     working as CITY OF VICTORVILLE POLICE OFFICERS, was an unreasonable and nonprivileged use
28     of force.

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

1    101. The conduct of DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and DOE
2    CITY OF VICTORVILLE POLICE OFFICERS 6-8 was a substantial factor in causing harm to Plaintiff
3    SAMUEL R. NAVARETTE, JR. and Plaintiff SAMUEL R. NAVARETTE, SR. as alleged herein.

4    102. Defendant COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of
5    DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 pursuant to *California Government*
6    *Code* § 815.2, which provides that a public entity is liable for the injuries caused by its employees within
7    the scope of their employment if the employee's act would subject him or her to liability.

8    103. Defendant CITY OF VICTORVILLE is vicariously liable for the wrongful acts of DOE CITY
9    OF VICTORVILLE POLICE OFFICERS 6-8 pursuant to *California Government Code* § 815.2, which
10   provides that a public entity is liable for the injuries caused by its employees within the scope of their
11   employment if the employee's act would subject him or her to liability.

12   104. The conduct of DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and DOE
13   CITY OF VICTORVILLE POLICE OFFICERS 6-8 was malicious, wanton, oppressive, despicable, and
14   accomplished with a conscious disregard for the safety and rights of Plaintiff SAMUEL R.
15   NAVARETTE, JR. and Plaintiff SAMUEL R. NAVARETTE, SR., entitling both Plaintiff SAMUEL R.
16   NAVARETTE, JR. to an award of exemplary and punitive damages.

17                                **NINTH CAUSE OF ACTION**

18                                      **NEGLIGENCE**

19                           (By All Plaintiffs against All Defendants)

20   105. Plaintiffs repeat and re-allege each and every allegation set forth in ¶¶ 1-104 of this Complaint
21   with the same force and effect as if fully set forth herein.

22   106. Police, whether they be a SAN BERNARDINO COUNTY SHERIFF'S DEPUTY or a CITY OF
23   VICTORVILLE POLICE OFFICER, have a duty to use reasonable care to prevent harm or injury to
24   others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and
25   not using any force unless necessary, using less than lethal weapons, avoiding head strikes with impact
26   weapons wherever possible, and only using deadly force as a last resort.

27   107. Defendants, and each of them, breached this duty of care. Upon information and belief, the
28   actions and inactions of Defendants were negligent and reckless, including but not limited to:

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against Plaintiff SAMUEL R. NAVARETTE, JR. and Plaintiff SAMUEL R. NAVARETTE, SR.;

b) the negligent tactics and handling of the situation with Plaintiff SAMUEL R. NAVARETTE, JR. and Plaintiff SAMUEL R. NAVARETTE, SR. including pre-head strikes and pre-Tasering negligence;

c) the negligent detention, arrest, and use of force, including potentially deadly force including but not limited to head strikes with impact weapons, and use of the Taser device which is known to potentially kill people, against Plaintiff SAMUEL R. NAVARETTE, JR. and Plaintiff SAMUEL R. NAVARETTE, SR.;

d) the failure to provide prompt medical care to Plaintiff SAMUEL R. NAVARETTE, JR.;

e) the failure to properly train and supervise employees, both professional and non-professional, including DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-5 and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-10;

f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of the Plaintiffs, including but not limited to Plaintiff SAMUEL R. NAVARETTE, JR. and Plaintiff SAMUEL R. NAVARETTE, SR.;

g) the negligent handling of evidence and witnesses; and

h) the negligent communication of information during the incident.

108. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiffs were caused to suffer and endure negligent infliction of emotional distress, and both Plaintiff SAMUEL R. NAVARETTE, JR. and Plaintiff SAMUEL R. NAVARETTE, SR. were also caused to endure great physical pain and mental anguish after the vicious assaults on their persons by the Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8.

109. As a result of the actions of Defendants and especially Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8,

1  Plaintiff SAMUEL R. NAVARETTE, JR. and Plaintiff SAMUEL R. NAVARETTE, JR. were
2  physically injured, emotionally tortured, and suffered tremendously, as set forth herein in the
3  aforementioned paragraphs. All the Plaintiffs endured great infliction of emotional distress at the hands
4  of the Defendants, and each of them. Defendants DOE SAN BERNARDINO COUNTY SHERIFF'S
5  DEPUTIES 1-3 and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8 had no legal justification
6  for their use of force, desbicable conduct and brutality. Their use of force while carrying out their duties
7  while working as SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES, and while working as
8  CITY OF VICTORVILLE POLICE OFFICERS, was an unreasonable and nonprivileged use of force.

9  110. Defendant COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of
10 DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 pursuant to *California Government*
11 *Code* § 815.2, which provides that a public entity is liable for the injuries caused by its employees within
12 the scope of their employment if the employee's act would subject him or her to liability.

13 111. Defendant CITY OF VICTORVILLE is vicariously liable for the wrongful acts of DOE CITY
14 OF VICTORVILLE POLICE OFFICERS 6-8 pursuant to *California Government Code* § 815.2, which
15 provides that a public entity is liable for the injuries caused by its employees within the scope of their
16 employment if the employee's act would subject him or her to liability.

17 112. The negligent conduct of DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3
18 and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8 was malicious, wanton, oppressive,
19 despicable, and accomplished with a conscious disregard for the safety and rights of Plaintiffs, entitling
20 Plaintiffs to an award of exemplary and punitive damages.

21 **TENTH CAUSE OF ACTION**
22 **VIOLATION OF BANE ACT -- CALIFORNIA CIVIL CODE § 52.1**
23 (By Plaintiffs SAMUEL R. NAVARETTE, JR. and
24 SAMUEL R. NAVARETTE, SR. against All Defendants)

25 113. Plaintiffs repeat and re-allege each and every allegation set forth in ¶¶ 1-112 of this Complaint
26 with the same force and effect as if fully set forth herein.

27 114. *California Civil Code* § 52.1 (The Bane Act), prohibits any person from using violent acts or
28 threatening to commit violent acts in retaliation against another person for exercising that person's

-27-

1   constitutional rights.

2       115. On information and belief, DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3

3   while working for the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT and DOE CITY

4   OF VICTORVILLE POLICE OFFICERS 6-8 while working for the CITY OF VICTORVILLE

5   POLICE DEPARTMENT and acting within the course and scope of their duties, intentionally

6   committed acts of violence without justification or excuse against Plaintiff SAMUEL R. NAVARETTE,

7   JR. and Plaintiff SAMUEL R. NAVARETTE, SR., including but not limited to the unwarranted head

8   strikes with impact weapons and the Taser use, by integrally participating and failing to intervene in the

9   above violence, and by delaying needlessly immediate medical care required as a result of the injuries

10  suffered by the unwarranted police brutality.

11      116. When Defendants intentionally committed acts of violence without justification or excuse

12  against Plaintiff SAMUEL R. NAVARETTE, JR. and Plaintiff SAMUEL R. NAVARETTE, SR.,

13  including but not limited to the unwarranted head strikes with impact weapons and the TASER use, by

14  integrally participating and failing to intervene in the above violence, and by delaying needlessly

15  immediate medical care required as a result of the injuries suffered by the unwarranted police brutality,

16  they interfered with Plaintiff SAMUEL R. NAVARETTE, JR. and Plaintiff SAMUEL R.

17  NAVARETTE, SR.'s civil rights to be free from unreasonable searches and seizures, to due process, to

18  equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and

19  to life, liberty, and property.

20      117. On information and belief, Defendants intentionally and spitefully committed the above acts to

21  discourage Plaintiff SAMUEL R. NAVARETTE, JR. and Plaintiff SAMUEL R. NAVARETTE, SR.

22  from exercising their civil rights, to retaliate against each of them for invoking such rights, or to prevent

23  them from exercising such rights, which they were fully entitled to enjoy.

24      118. On information and belief, Plaintiff SAMUEL R. NAVARETTE, JR. and Plaintiff SAMUEL R.

25  NAVARETTE, SR. each reasonably believed and understood that the violent acts committed by

26  Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-3 and DOE CITY OF

27  VICTORVILLE POLICE OFFICERS 6-8 were intended to discourage them from exercising the above

28  civil rights, to retaliate against each of them, to prevent them from invoking such rights, or to prevent

-28-

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

1   them each from exercising such rights.

2   119. Defendants successfully interfered with the above civil rights of Plaintiff SAMUEL R.

3   NAVARETTE, JR. and Plaintiff SAMUEL R. NAVARETTE, SR.

4   120. The conduct of Defendants was a substantial factor in causing Plaintiff SAMUEL R.

5   NAVARETTE, JR. and Plaintiff SAMUEL R. NAVARETTE, SR.'s harms, losses, injuries and

6   damages.

7   121. Defendant COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of

8   DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-5 pursuant to *California Government*

9   *Code* § 815.2, which provides that a public entity is liable for the injuries caused by its employees within

10   the scope of their employment if the employee's act would subject him or her to liability.

11   122. Defendant CITY OF VICTORVILLE is vicariously liable for the wrongful acts of DOE CITY

12   OF VICTORVILLE POLICE OFFICERS 6-10 pursuant to California Government Code § 815.2, which

13   provides that a public entity is liable for the injuries caused by its employees within the scope of their

14   employment if the employee's act would subject him or her to liability.

15   123. Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-5 are vicariously

16   liable under California law and the doctrine of *respondeat superior*.

17   124. Defendant DOE CITY OF VICTORVILLE POLICE OFFICERS 6-10 are vicariously liable

18   under California law and the doctrine of *respondeat superior*.

19   125. As a result of the actions of Defendants and especially Defendant DOE SAN BERNARDINO

20   COUNTY SHERIFF'S DEPUTIES 1-3 and DOE CITY OF VICTORVILLE POLICE OFFICERS 6-8,

21   Plaintiff SAMUEL R. NAVARETTE, JR. and Plaintiff SAMUEL R. NAVARETTE, JR. were

22   physically injured, emotionally tortured, and suffered tremendously, as set forth herein in the

23   aforementioned paragraphs.

24   126. The conduct Defendants was malicious, wanton, oppressive, despicable, and accomplished with a

25   conscious disregard for the safety and rights of of Plaintiff SAMUEL R. NAVARETTE, JR. and

26   Plaintiff SAMUEL R. NAVARETTE, SR., justifying an award of exemplary and punitive damages to

27   Plaintiff SAMUEL R. NAVARETTE, JR. and Plaintiff SAMUEL R. NAVARETTE, SR. against

28   Defendant DOE SAN BERNARDINO COUNTY SHERIFF'S DEPUTIES 1-5 and DOE CITY OF

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

1  VICTORVILLE POLICE OFFICERS 6-10. Plaintiff SAMUEL R. NAVARETTE, JR. and Plaintiff

2  SAMUEL R. NAVARETTE, SR. also seek attorney's fees under this cause of action.

3  ### PRAYER FOR RELIEF

4  WHEREFORE, Plaintiffs SAMUEL R. NAVARETTE, JR., SAMUEL R. NAVARETTE, SR.,

5  ANDREW NAVARETTE, a Minor, by and through her Guardian ad Litem, ROSE VIALPANDO,

6  JESSICA NAVARETTE, a Minor, by and through her ROSE VIALPANDO, DANIEL NAVARETTE,

7  JEANETTE ALAMEDA, and JASMINE LYNES, pray for judgment against Defendants and each of

8  them, as follows:

9  1. General compensatory damages in a sum according to proof, in excess of the minimum

10  jurisdiction of this Court;

11  2. Special damages in a sum according to proof;

12  3. Punitive damages against the individual Defendants in an amount according to proof;

13  4. Statutory damages;

14  5. Interest on pecuniary losses whose amounts are certain from the date of the occurrence

15  of such losses as allowed by law;

16  6. Reasonable attorney's fees, including litigation expenses, as allowed by law;

17  7. Costs of suit; and

18  8. Such other and further relief as the Court deems just, proper, and appropriate.

19

20  Dated: September 7, 2021

21

22  By:

23  **Affeld Grivakes LLP**
   Joseph M. Barrett, Esq.

24  George Terterian, Esq.

25  Damion D. Robinson, Esq.

26  **Law Offices of Jimmy Nguyen**
   Jimmy Nguyen, Esq.

27  Dublas Paniagua, Esq.

28

   *Attorneys for Plaintiffs*

-30-

FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

1          **DEMAND FOR TRIAL BY JURY**

2          **Plaintiffs** SAMUEL R. NAVARETTE, JR.; SAMUEL R. NAVARETTE, SR.; ANDREW

3    NAVARETTE; a Minor, by and through her Guardian ad Litem, ROSE VIALPANDO; JESSICA

4    NAVARETTE, a Minor, by and through her Guardian ad Litem, ROSE VIALPANDO; DANIEL

5    NAVARETTE; JEANETTE ALAMEDA; JASMINE LYNES, **hereby demand a trial of all causes by**

6    **jury.**

7

8    Dated:  September 7, 2021

9

10                                              By:  _____

11                                              **Affeld Grivakes LLP**
                                                Joseph M. Barrett, Esq.
12                                              George Terterian, Esq.
                                                Damion D. Robinson, Esq.
13
                                                **Law Offices of Jimmy Nguyen**
14                                              Jimmy Nguyen, Esq.
                                                Dublas Paniagua, Esq.
15
                                                *Attorneys for Plaintiffs*
16

17

18

19

20

21

22

23

24

25

26

27

28

-31-

**FIRST AMENDED COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL**

# EXHIBIT B

# COPY

| | |
|---|---|
| **SUMMONS** ON FIRST AMENDED COMPLAINT<br>*(CITACION JUDICIAL)* | **SUM-100** |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COUNTY OF SAN BERNARDINO (SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT); CITY OF VICTORVILLE (VICTORVILLE POLICE DEPARTMENT); and DOES 1-10, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SAMUEL R. NAVARETTE, JR.; SAMUEL R. NAVARETTE, SR.; ANDREW NAVARETTE, a Minor, by and through his Guardian ad Litem, ROSE VIALPANDO JESSICA NAVARETTE, a Minor, by and through her Guardian ad Litem, ROSE VIALPANDO, DANIEL NAVARETTE, JEANETTE ALAMEDA, JASMINE LYNES;

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 30 2021

BY _____
LILIANA MARISCAL, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Bernardino Superior Court<br>247 W. 3rd Street, San Bernardino, CA 92415 | **CASE NUMBER:**<br>*(Número del Caso)*<br>CIVDS2002009 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph M. Barrett, Esq.; 2049 Century Park East, Suite 2460, Los Angeles, CA 90067; (310) 979-8700

| | | | | |
|---|---|---|---|---|
| DATE:<br>*(Fecha)* | SEP 30 2021 | Clerk, by<br>*(Secretario)* | LILIANA MARISCAL | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]  COPY

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* County of San Bernardino
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Governmental entity
4. ☒ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT C

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Samuel R. Navarette; et al.

Case No.: CIV DS 2 0 0 2 0 0 9

vs.

**CERTIFICATE OF ASSIGNMENT**

County of San Bernardino; et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino _____ District of the Superior Court under Rule 131 and General Order of this court for the checked reason:

☒ **General**   ☐ **Collection**

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☒ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| | 1175B Trailwood Street |
|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |

| Victorville | California | 92392 |
|---|---|---|
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on January 22, 2020 __ at 2049 Century Park East, Ste. 2460, Los Angeles, CA 90067, California.

Form # 13-16503-360
Mandatory Use

CERTIFICATE OF ASSIGNMENT

Rev. June 2019

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Joseph M. Barrett, Esq. SBN 143974; George Terterian, Esq. SBN 158953<br>Affeld Grivakes LLP<br>2049 Century Park East, Suite 2460<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 979-8700    FAX NO.: (310) 979-8701<br>ATTORNEY FOR *(Name):* Plaintiffs | FOR COURT USE ONLY<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO CIVIL DIVISION<br><br>JAN 2 8 2020<br><br> |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN BERNARDINO**
STREET ADDRESS: 247 W 3rd Street
MAILING ADDRESS: 247 W 3rd Street
CITY AND ZIP CODE: San Bernardino 92415
BRANCH NAME: **Civil Division**

CASE NAME:
Navarette; et al v. County of San Bernardino; et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: | CIVDS 2002009<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☑ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties          d. ☐ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence              f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 22, 2020
Joseph M. Barrett, Esq.
_____
(TYPE OR PRINT NAME)                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino CA 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------

CASE NO: CIVDS2002009

AFFELD GRIVAKES LLP
2049 CENTURY PARK
STE 2460
LOS ANGELES CA 90067

I M P O R T A N T   C O R R E S P O N D E N C E

From the above entitled court, enclosed you will find:

INITIAL COMPLEX ORDER AND GUIDELINES

------------------------------------------------------------------------
------------------------------------------------------------------------

CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 01/30/20
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 01/30/20 at San Bernardino, CA

BY: ALFIE CERVANTES
------------------------------------------------------------------------

M A I L I N G   C O V E R   S H E E T

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN BERNARDINO**
**JUDGE DAVID COHN**
**DEPARTMENT S-26**

## THE SAN BERNARDINO COUNTY COMPLEX LITIGATION PROGRAM

Department S-26 is the Complex Litigation Department for the Superior Court of the State of California, County of San Bernardino. It is located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, CA 92415-0210, on the eighth floor. Judge David Cohn presides in the Complex Litigation Department. The telephone number for Complex Litigation Department is 909-708-8866.

## DEFINITION OF COMPLEX LITIGATION

As defined by California Rules of Court, rule 3.400(a), a complex case is one that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel.

Complex cases typically have one or more of the following features:

- A large number of separately represented parties.
- Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve.
- A substantial amount of documentary evidence.
- A large number of witnesses.
- Coordination with related actions pending in one or more courts in other counties or states or in a federal court.
- Substantial post-judgment judicial supervision.

Complex cases may include, but are not necessarily limited to, the following types of cases:

- Antitrust and trade regulation claims.
- Construction defect claims involving many parties or structures.
- Securities claims or investment losses involving many parties.
- Environmental or toxic tort claims involving many parties.
- Mass torts.
- Class actions.
- Claims brought under the Private Attorney General Act (PAGA).
- Insurance claims arising out of the types of claims listed above.
- Judicial Council Coordinated Proceedings (JCCP).
- Cases involving complex financial, scientific, or technological issues.

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26

## CASES ASSIGNED TO THE COMPLEX LITIGATION DEPARTMENT

### A.  Cases Designated by a Plaintiff as Complex or Provisionally Complex

All cases designated by a plaintiff as complex or provisionally complex on the Civil Case Cover Sheet (Judicial Council Form CM-100) will be assigned initially to the Complex Litigation Department. The Court will issue an Initial Case Management Conference Order and schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for the earliest practicable date, generally within approximately seventy-five days of the filing of the complaint.

A plaintiff designating the case as complex or provisionally complex must serve the Initial Case Management Conference Order and a copy of these guidelines on all parties at the earliest opportunity, but in no event later than thirty days before the conference, and must file Proof of Service of the Summons and Complaint and the Initial Case Management Conference Order with the court.

A defendant who agrees that the case is complex or provisionally complex may indicate a "Joinder" on the Civil Case Cover Sheet (Form CM- 100).

A defendant who disagrees that the case is complex or provisionally complex may raise the issue with the court at the Initial Case Management Conference.

### B.  Case Counter-Designated By a Defendant as Complex or Provisionally Complex

All cases which were not designated by a plaintiff as complex or provisionally complex, but which are counter-designated by a defendant (or cross-defendant) as complex or provisionally complex on the Civil Case Cover Sheet (Judicial Council Form CM-100), will be re-assigned to the Complex Litigation Department. At such time, the Court will schedule an Initial Case Management Conference for the earliest practicable date, generally within approximately forty-five days.  A defendant (or cross-defendant) counter-designating the case as complex or provisionally complex must serve a copy of these guidelines on all parties at the earliest opportunity, but in no event later than thirty days before the conference.

A plaintiff or other party who disagrees with the counter-designation may raise the issue with the court at the Initial Case Management Conference.

### C.  Other Cases Assigned to the Complex Litigation Department

Whether or not the parties designate the case as complex or provisionally complex, the following cases will be initially assigned to the Complex Litigation Department:

- All Construction Defect Cases.
- All Class Actions.
- All Cases Involving Private Attorney General Act (PAGA) Claims.[1]
- Judicial Council Coordinated Proceedings if so assigned by the Chair of the Judicial Council.

---

[1]   The Civil Case cover Sheet (Judicial Council Form CM-100) may not reflect the presence of a PAGA claim. PAGA claims erroneously assigned to non-complex departments are subject to re-assignment to the Complex Litigation Department by the assigned judge.

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26

## REFERRAL TO THE COMPLEX LITIGATION DEPARTMENT BY OTHER DEPARTMENTS

A judge who is assigned to a case may, but is not required to, refer the case to the Complex Litigation Department to be considered for treatment as a complex case if (1) the case was previously designated by a party as complex or provisionally complex, or (2) the referring judge deems the case to involve issues of considerable legal, evidentiary, or logistical complexity, such that the case would be best served by assignment to the Complex Litigation Department. Such a referral is not a re-assignment, but is a referral for consideration.

In any case referred by another judge to the Complex Litigation Department, the Complex Litigation Department will schedule an Initial Case Management Conference, generally within thirty days, and will provide notice to all parties along with a copy of these guidelines. If the case is determined by the Complex Litigation Department to be appropriate for treatment as a complex case, the case will be re-assigned to the Complex Litigation Department at that time. If the case is determined by the Complex Litigation Department not to be complex, it will be returned to the referring judge.

## STAY OF DISCOVERY PENDING THE INITIAL CASE MANAGEMENT CONFERENCE

For cases that are assigned to the Complex Litigation Department, discovery is automatically stayed pending the Initial Case Management Conference, or until further order of the court. Discovery is not automatically stayed, however, for cases that were initially assigned to other departments and are referred to the Complex Litigation Department for consideration, unless the referring judge stays discovery pending determination by the Complex Litigation whether the case should be treated as complex.

## OBLIGATION TO MEET AND CONFER BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE

Prior to the Initial Case Management Conference, all parties are required to meet and confer to discuss the items specified in California Rules of Court, rule 3.750(b) , and they are required to prepare a Joint Statement specifying the following:

- Whether additional parties are likely to be added, and a proposed date by which any such parties must be served.
- Each party's position whether the case should or should not be treated as a complex.
- Whether there are applicable arbitration agreements.
- Whether there is related litigation pending in state or federal court.
- A description of the major legal and factual issues involved in the case.
- Any discovery or trial preparation procedures on which the parties agree. The parties should address what discovery will be required, whether discovery should be conducted in phases or otherwise limited, and whether the parties agree to electronic service and an electronic document depository and, if so, their preferred web-based electronic service provider.
- An estimate of the time needed to conduct discovery and to prepare for trial.
- The parties' views on an appropriate mechanism for Alternative Dispute Resolution.
- Any other matters on which the parties request a court ruling.

**The Joint Statement is to be filed directly in the Complex Litigation Department no later than ten court days before the conference.** This requirement of a Joint Statement is not satisfied by using Judicial Council Form CM-110, pursuant to California Rules of Court, rule 3.725(a), or by parties filing individual statements. Failure to participate meaningfully in the "meet and confer" process or failure to submit a Joint Statement may result in the imposition of monetary or other sanctions.

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26

## THE INITIAL CASE MANAGEMENT CONFERENCE

At the Initial Case Management Conference, the court will determine whether the action is a complex case, as required by California Rules of Court, rule 3.403. If the court determines the case is complex, the court will issue further management-related orders at that time. If the court determines the case is not complex, the case may be retained by the judge in Department S-26, but not treated as a complex case, or it may be reassigned to a different department. If the case was referred by another judge and the case is found to be inappropriate for treatment as a complex case, the case will be returned to the referring judge.

At the Initial Case Management Conference, the court and counsel will address the subjects listed in California Rules of Court, rule 3.750(b), and all issues presented by the Joint Statement.

Once a case is deemed complex, the function of the Initial Case Management Conference and all subsequent Case Management Conferences is to facilitate discovery, motion practice, and trial preparation, and to discuss appropriate mechanisms for settlement negotiations.

Lead counsel should attend the Initial Case Management Conference. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if such counsel is fully informed about the case and has full authority to proceed on all issues to be addressed at the conference. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed.

## TELEPHONIC APPEARANCES

Telephonic appearances are allowed, though discouraged when counsel will be addressing complex substantive issues. Please do not use cell phones or speaker phones.

## CASE MANAGEMENT ORDERS

The court may issue formal, written case management orders. Typically, complex construction defect cases will proceed pursuant to such an order. Other cases involving numerous parties or unusual logistical complexity may be appropriate for such a written order as well. The need for a written case management order will be discussed at the Initial Case Management Conference or at later times as the need arises. The parties will prepare such orders as directed by the court.

## FURTHER CASE MANAGEMENT CONFERENCES

After the Initial Case Management Conference, the court will schedule further case management conferences as necessary and appropriate on a case-by-case basis. As issues arise during calling the Complex Litigation Department (909-708-8686). The court will schedule such additional case management conferences at the earliest opportunity.

As with the Initial Case Management Conference, lead counsel should attend all case management conferences. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if such counsel is fully informed about the case and has full authority to proceed on all issues to be addressed. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed.

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26

## VOLUNTARY SETTLEMENT CONFERENCES

If all parties agree, the court is available to conduct settlement conferences. Requests for settlement conferences may be made at any Case Management Conference or hearing, or by telephoning the Complex Litigation Department (909-708-8868).

## MANDATORY SETTLEMENT CONFERENCES

In appropriate cases, the court may order mandatory settlement conferences. Parties with full settlement authority, including insurance adjustors with full settlement authority, must attend all mandatory settlement conferences in person. Availability by telephone is not allowed at mandatory settlement conferences absent prior approval of court.

## MANAGEMENT OF CLASS ACTIONS

In class actions and putative class actions that are deemed complex, the initial Case Management Conference will function as the Case Conference required by California Rules of Court, rules 3.762 and 3.763.

## OBLIGATION TO MEET AND CONFER REGARDING MOTIONS

In addition to any other requirement to "meet and confer" imposed by statute or Rule of Court in connection with motions, all counsel and unrepresented parties are required to "meet and confer" in a good faith attempt to eliminate the necessity for a hearing on a pending motion, or to resolve or narrow some of the issues. The moving party must arrange for the conference, which can be conducted in person or by telephone, to be held no later than four calendar days before the hearing. No later than two calendar days before the hearing, the moving party is required to file a notice in the Complex Litigation Department, with service on all parties, specifying whether the conference has occurred and specifying any issues that have been resolved. If the need for a hearing has been eliminated, the motion may simply be taken off-calendar. Failure to participate meaningfully in the conference may result in the imposition of monetary or other sanctions.

The obligation to "meet and confer" does not apply to applications to appear pro hac vice or to motions to withdraw as counsel of record.

## FORMAT OF PAPERS FILED IN CONNECTION WITH MOTIONS

Counsel and unrepresented parties must comply with all applicable statutes, Rules of Court, and Local Rules regarding motions, including but not limited to their format. Additionally, exhibits attached to motions and oppositions must be separately tabbed at the bottom, so that exhibits can be easily identified and retrieved.

## ELECTRONIC SERVICE AND DOCUMENT DEPOSITORY

The parties in cases involving numerous parties or large quantities of documents are encouraged to agree to electronic service for all pleadings, motions, and other materials filed with the court as well as all discovery requests, discovery responses, and correspondence. Nevertheless, parties must still submit "hard" copies to the court of any pleadings, motions, or other materials that are to be filed.

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN BERNARDINO**
**JUDGE DAVID COHN**
**DEPARTMENT S-26**

## TRIALS

Trial dates are generally Monday through Thursday, 11:00 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m. Lengthy trials, however, may require deviation from this schedule. Unless otherwise ordered by the court, counsel and unrepresented parties must be present in the courtroom at least ten minutes before each session of trial is scheduled to begin.

Whenever possible, issues to be addressed outside the presence of the jury should be scheduled in a manner to avoid the need for the jury to wait.

Counsel are also directed to the "Rules and Requirements for Jury Trials" for Department S-26 (known as the "Green Sheet"). Copies are available upon request in Department S-26.

Revised October 25, 2019



CIV-010

| ATTORNEY (Name, State Bar Number, and address): | FOR COURT USE ONLY |
|---|---|
| Joseph M. Barrett, SBN 143974; George Terterian, SBN 158953<br>Affeld Grivakes LLP<br>2049 Century Park East, Suite 2460<br>Los Angeles, California 90067<br>TELEPHONE NO.: (310) 979-8700   FAX NO. (Optional): (310) 979-8701<br>E-MAIL ADDRESS (Optional): jmb@agzlaw.com; gt@agzlaw.com<br>ATTORNEY FOR (Name): Plaintiffs Samuel R. Navarette Jr.; et al. | F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>SEP 15 2020<br><br>BY _____<br>JESSICA MORALES, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino 92415
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: Samuel R. Navarette Jr.; et al.

DEFENDANT/RESPONDENT: County of San Bernardino; et al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>☑ EX PARTE | CASE NUMBER:<br>CIVDS2002009 |
|---|---|

**NOTE:** This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.

1. Applicant (name): Rose Vialpando    is
   a. ☐ the parent of (name):
   b. ☑ the guardian of (name): Jessica Navarette
   c. ☐ the conservator of (name):
   d. ☐ a party to the suit.
   e. ☐ the minor to be represented (if the minor is 14 years of age or older).
   f. ☐ another interested person (specify capacity):

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   Rose Vialpando
   13181 Robin Court, Chino, CA 91710
   (909) 418-7490

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   Jessica Navarette
   15606 Pearmain Street
   Adelanto City, CA 92301

4. The person to be represented is:
   a. ☑ a minor (date of birth): May 23, 2005
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☑ the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
   On June 29, 2018, 15 year-old Jessica Navarette witnessed officers from the San Bernardino County Sheriff's Department and Victorville Police Department use unreasonable and excessive force against his father Samuel R. Navarette Jr. and grandfather Samuel R. Navarette Sr.

   ☐ Continued on Attachment 5a.

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL**

Code of Civil Procedure,
§ 372 et seq.

COPY

CIV-010

| PLAINTIFF/PETITIONER: Samuel R. Navarette Jr.; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: County of San Bernardino; et al. | CIVDS2002009 |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☑ the appointment of a guardian ad litem is necessary for the following reasons (specify):

　　1) to get Summons issued
　　2) serve the Defendants

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
　a. ☑ related (state relationship): Grandmother
　b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

☐ Continued on Attachment 7.

Joseph M. Barrett, Esq.
_____
(TYPE OR PRINT NAME)                ► _____ (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 8-14-2020

Rose Vialpando
_____
(TYPE OR PRINT NAME)                ► _____ (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date: 8-14-2020

Rose Vialpando
_____
(TYPE OR PRINT NAME)                ► _____ (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER   ☑ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Rose Vialpando
is hereby appointed as the guardian ad litem for (name): Jessica Navarette
for the reasons set forth in item 5 of the application.
Date:

JUDICIAL OFFICER
☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]       **APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL**       Page 2 of 2

COPY

CIV-010

| ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joseph M. Barrett, SBN 143974; George Terterian, SBN 158953<br>Affeld Grivakes LLP<br>2049 Century Park East, Suite 2460<br>Los Angeles, California 90067<br>TELEPHONE NO.: (310) 979-8700   FAX NO. (Optional): (310) 979-8701<br>E-MAIL ADDRESS (Optional): jmb@agzlaw.com; gt@agzlaw.com<br>ATTORNEY FOR (Name): Plaintiffs Samuel R. Navarette Jr.; et al. | F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>SEP 1 5 2020<br><br>BY _____<br>JESSICA MORALES, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
  STREET ADDRESS: 247 West Third Street
  MAILING ADDRESS: 247 West Third Street
  CITY AND ZIP CODE: San Bernardino 92415
  BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: Samuel R. Navarette Jr.; et al.

DEFENDANT/RESPONDENT: County of San Bernardino; et al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>[✓] EX PARTE | CASE NUMBER:<br>CIVDS2002009 |
|---|---|

*NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant (name): Rose Viajpando                                                    is.
   a. [ ] the parent of (name):
   b. [✓] the guardian of (name):   Andrew Navarette
   c. [ ] the conservator of (name):
   d. [ ] a party to the suit.
   e. [ ] the minor to be represented (if the minor is 14 years of age or older).
   f. [ ] another interested person (specify capacity):

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   Rose Viajpando
   13181 Robin Court, Chino, CA 91710
   (909) 418-7490

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   Andrew Navarette
   15606 Pearmain Street
   Adelanto City, CA 92301

4. The person to be represented is:
   a. [✓] a minor (date of birth): June 28, 2011
   b. [ ] an incompetent person.
   c. [ ] a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [✓] the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
      On June 29, 2018, 8 year-old Andrew Navarette witnessed officers from the San Bernardino County
      Sheriff's Department and Victorville Police Department use unreasonable and excessive force
      against his father Samuel R. Navarette Jr. and grandfather Samuel R. Navarette Sr.

   [ ] Continued on Attachment 5a.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-010 [Rev. January 1, 2008] | APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL | Code of Civil Procedure,<br>§ 372 et seq |
|---|---|---|

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26

## INFORMAL DISCOVERY CONFERENCES

The court is available for informal discovery conferences at the request of counsel. Such conferences may address the scope of allowable discovery, the order of discovery, issues of privilege, and other discovery issues that may arise. Counsel may contact the Complex Litigation Department to schedule an informal conference (909-708-8866).

Before filing any discovery motion, the moving party is required to "meet and confer" with counsel as required by statute. If the "meet and confer" exchange fails to resolve all issues, the moving party is required to request an informal conference with the court before filing any discovery motion. Making a request for an informal discovery conference automatically stays the deadline for filing a motion.

Telephonic appearances are not allowed absent prior approval by the court. Briefing is not required, though the relevant discovery record should be made available for the court (but not filed).

## CONFIDENTIAL DOCUMENT AND PROTECTIVE ORDERS

Proposed protective orders dealing with confidential documents should state expressly that nothing in the order excuses compliance with California Rules of Court, rules 2 .550 and 2.551. Proposed protective orders that are not compliant with the requirements of the Rules of Court will be rejected.

## THE PRETRIAL CONFERENCE

The court will schedule a pre-trial conference, generally thirty to sixty days in advance of the trial. Counsel and the court will discuss the following matters, which counsel should be fully informed to address:

- Whether trial will be by jury or by the court.
- Anticipated motions *in limine* or the need for other pre-trial rulings.
- The anticipated length of trial.
- The order of proof and scheduling of witnesses, including realistic time estimates for each witness for both direct and cross-examination.
- If there is a large number of anticipated witnesses, whether counsel wish to have photographs taken of each witness to refresh the jury's recollection of each witness during closing argument and deliberation.
- Whether deposition testimony will be presented by video.
- The need for evidentiary rulings on any lengthy deposition testimony to be presented at trial.
- Stipulations of fact.
- Stipulations regarding the admission of exhibits into evidence.
- If there is a large amount of documentary evidence, how the exhibits will be presented in a meaningful way for the jury.
- The use of technology at trial, including but not limited to electronic evidence.
- Any unusual legal or evidentiary issues that may arise during the trial.

## THE TRIAL READINESS CONFERENCE

Trial Readiness Conferences are held at 8:30 a.m., typically on the Thursday morning preceding the scheduled trial date. Counsel and unrepresented parties must comply fully with Local Rule 411.2, unless otherwise directed by the court. Failure to have the required materials available for the court may result in the imposition of monetary or other sanctions.

CIV-010

| PLAINTIFF/PETITIONER:  Samuel R. Navarette Jr.; et al. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT:  County of San Bernardino; et al. | CIVDS2002009 |

5.  b. ☐  more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

   c. ☐  the person named in item 3 has no guardian or conservator of his or her estate.

   d. ☑  the appointment of a guardian ad litem is necessary for the following reasons (specify):

      1) to get Summons issued
      2) serve the Defendants

   ☐ Continued on Attachment 5d.

6.  The proposed guardian ad litem's relationship to the person he or she will be representing is:
   a. ☑ related (state relationship):  Grandmother
   b. ☐ not related (specify capacity):

7.  The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

   ☐ Continued on Attachment 7.

Joseph M. Barrett, Esq.                                        ▶
_____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:  5-14-2020

Rose Vialpando                                               ▶
_____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date:  8-14-2020
Rose Vialpando                                               ▶
_____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER   ☑ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name):  Rose Vialpando
is hereby appointed as the guardian ad litem for (name):  Andrew Navarette
for the reasons set forth in item 5 of the application.
Date:

_____
                                                             JUDICIAL OFFICER
                                          ☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]                  **APPLICATION AND ORDER FOR APPOINTMENT**              Page 2 of 2
                                                  **OF GUARDIAN AD LITEM—CIVIL**

**EXHIBIT D**

James R. Touchstone, Esq., SBN 184584
jrt@jones-mayer.com
Denise L. Rocawich, Esq., SBN 232792
dlr@jones-mayer.com
JONES & MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone:  (714) 446-1400
Facsimile:  (714) 446-1448

Attorneys for Defendant
COUNTY OF SAN BERNARDINO and CITY OF VICTORVILLE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO, SAN BERNARDINO COURTHOUSE

| | |
|---|---|
| SAMUEL R. NAVARETTE , JR; SAMUEL R. NAVARETTE, SR.; ANDREW NAVARETTE, a minor, by and through his Guardian Ad Litem, ROSE VIALPANDO; DANIEL NAVARETTE; JEANETTE ALAMEDA; JASMINE LYNES;<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>COUNTY OF SAN BERNARDINO (SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT); CITY OF VICTORVILLE (VICTORVILLE POLICE DEPARTMENT); DOES 1 to 10, inclusive,<br><br>　　　　　Defendants. | Case No: CIVDS2002009<br><br>**NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT** |

-1-

1   **TO THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR**

2   **ATTORNEYS OF RECORD:**

3        PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441 and 1446,

4   Defendants' Notice of Removal of this action from the Superior Court of California, County of

5   San Bernardino, to the United States District Court for the Central District of California, together

6   with copies of all pleadings and process served upon Defendants, has this date been filed in the

7   United States District Court for the Central District of California.  A copy of the Notice of

8   Removal (without exhibits) is attached hereto as "Exhibit A."

9

10  Dated:  December 1,  2021          JONES & MAYER

11

12                                     By:_____
                                          JAMES R. TOUCHSTONE
13                                        DENISE L. ROCAWICH
                                          Attorneys for County of San Bernardino and
14                                        City of Victorville

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

**EXHIBIT A**

James R. Touchstone, Esq., SBN 184584
jrt@jones-mayer.com
Denise L. Rocawich, Esq., SBN 232792
dlr@jones-mayer.com
JONES & MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone:  (714) 446-1400
Facsimile:   (714) 446-1448

Attorneys for Defendant
COUNTY OF SAN BERNARDINO and CITY OF VICTORVILLE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL R. NAVARETTE , JR; SAMUEL R. NAVARETTE, SR.; ANDREW NAVARETTE, a minor, by and through his Guardian Ad Litem, ROSE VIALPANDO; DANIEL NAVARETTE; JEANETTE ALAMEDA; JASMINE LYNES;<br><br>            Plaintiffs,<br><br>    vs.<br><br>COUNTY OF SAN BERNARDINO (SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT); CITY OF VICTORVILLE (VICTORVILLE POLICE DEPARTMENT); DOES 1 to 10, inclusive,<br><br>            Defendants. | Case No:<br><br>**NOTICE OF REMOVAL**<br><br>[Filed concurrently herewith:<br>(1)    Certification of Interested Parties.] |

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT:**

PLEASE TAKE NOTICE that Defendants, County of San Bernardino and City of Victorville, hereby remove to this Honorable Court the state-court action described below.

1.      On September 7, 2021, this action was commenced in the Superior Court of the State of California in and for the County of San Bernardino entitled SAMUEL R. NAVARETTE, JR. et al., Plaintiffs, vs. COUNTY OF SAN BERNARDINO et al., Defendants. The suit was assigned case number CIVDS2002009 by the San Bernardino Superior Court.  A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2.      The first date upon which Defendants received a copy of said Complaint was November 3, 2021, when a copy of the Complaint was served on the City Clerk's Office along with a Summons from the state court.  A true and correct copy of the state court Summons is attached hereto as Exhibit "B."

3.      Along with the Summons and Complaint, these removing Defendants also received the following documents from Plaintiff: Certification of Assignment, Civil Case Cover Sheet, Guidelines for the Complex Litigation Program, and Application and Order for Appointment of Guardian Ad Litem – Civil. true and correct copies of which are attached hereto collectively as Exhibit "C."  The Summons, Complaint, and the above-listed documents are the only papers that have been served on Defendants in the state court action.  To the best of the undersigned's knowledge, these are the only papers filed with the state court.

4.      This action is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1331 and removal jurisdiction under 28 U.S.C. § 1441(b) in that it arises under 42 U.S.C. § 1983.  See Compl. at 3:23-28; 4-9; and 10:1-22.

//

5.     The Defendants who herein jointly remove this case are the only named Defendants in this action.

6.     Concurrent with the filing of this Notice of Removal, a Notice to State Court and Adverse Party of Removal to Federal Court is being filed with the state court and served on Plaintiff's counsel.  A true and correct copy of that Notice with proof of service thereof is attached hereto as Exhibit "D."


Dated: December 2, 2021                    Respectfully submitted,

                                           JONES & MAYER



                                           By:/s/ Denise L. Rocawich
                                           JAMES R. TOUCHSTONE
                                           DENISE L. ROCAWICH
                                           Attorneys for County of San
                                           Bernardino and City of Victorville

*Navarette, Jr. et al. v. County of San Bernardino*
*SBSC Case No. CIVDS2002009*

### **PROOF OF SERVICE**

**STATE OF CALIFORNIA**                    )

**COUNTY OF ORANGE**            )   **ss.**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3777 North Harbor Blvd. Fullerton, Ca 92835.  On December 2, 2021, I served the foregoing document(s) described as **NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT,** on each interested party **listed below**/on the attached service list:

*SEE ATTACHED SERVICE LIST*

<u>XX</u>    (VIA MAIL) I placed the envelope for collection and mailing, following the ordinary business practices.

I am readily familiar with Jones & Mayer's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at La Habra, California, in the ordinary course of business. I am aware that on motion of the parties served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

<u>XX</u>    (VIA ELECTRONIC SERVICE) By electronically transmitting the document(s) listed above to the e-mail address(es) of the person(s) set forth above. The transmission was reported as complete and without error.  See Rules of Court, Rule 2.251.

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 2, 2021 at Fullerton, California.

_____
WENDY A. GARDEA

NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

1

## **<u>SERVICE LIST</u>**

2
Joseph M. Barrett
jmb@agzlaw.com
3
George Terterian
gt@agzlaw.com
4
Damion D. Robinson
dr@agzlaw.com
5
Affeld Grivakes LLP
2049 Century Park East, Ste 2460
6
Los Angeles, CA 90067
T: (310) 979-8700
7
F: (310) 979-8701

8
Jimmy Nguyen
jimmynguyen@socal-attorneys.com
9
Dublas Paniagua
dublas@socal-attorneys.com
10
Law Offices of Jimmy Nguyen
832 Katella Ave
11
Los Alamitos, CA 90720
T: (858) 722-0583

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT